**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 24 2005**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

RAYMOND F. STANSBURY,

Plaintiff,

ALBERT E. HESLOP; WILLIAM O.
FELLMAN; JEFFERSON W.
SANDERS; EARL HARRIS;
ALLAN R. TURNER; BRYAN
EUGENE PEARSON; HOLLOMAN
SULLIVAN; JEFFERY CLARK, SR.;
DENNIS EICHELBERGER; LUTHER
DEERE; JOSEPH E. MERSMAN, JR.;
AARON EUGENE CREECH;
MARC A. STOUT; JOSHUA M.
WISHON; KEVIN GRAY; JAMES M.
POLLOCK; ROBERT H.
HUTCHCRAFT; JESSE CAMACHO;
THOMAS MIZE; BRYAN LEE
WILLIAMSON; DAVID
MUSGROVE; STANLEY
GARTLEMAN; DENNIS ROBINSON,

Intervenor-Plaintiffs,

and

JIM C. ELLIOTT,

Intervenor-Plaintiff-
Appellant,

v.

TIM CRAGG, Hearing Officer,
Kansas Department of Corrections;
JOHN LAMB, Regional Director,

No. 03-3297
(D.C. No. 01-CV-3180-GTV)
(D. Kan.)

Northern Parole Region, Kansas
Department of Corrections; CHARLES
SIMMONS, Secretary of Corrections,
Kansas Department of Corrections;
MARILYN SCAFE, Chairperson,
Kansas Parole Board; DAVID
MCKUNE, Warden, Lansing
Correctional Facility; MIKE NEVE,
Classification Administrator, Lansing
Correctional Facility,

Defendants - Appellees.

## ORDER AND JUDGMENT [*]

Before **LUCERO** , **McKAY** , and **ANDERSON** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Raymond F. Stansbury filed a 42 U.S.C. § 1983 complaint alleging that his participation in Kansas' Sexual Abuse Treatment Program (SATP) was unconstitutional. Mr. Stansbury also filed an emergency motion for temporary

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

restraining order and preliminary injunction. Appellant Jim C. Elliott then moved to intervene in the case and his motion was granted. The district court originally granted a temporary restraining order because of the similarities between the instant case and *Lile v. McKune*, 24 F. Supp. 2d 1152 (D. Kan. 1998). The district court in *Lile* held that the SATP violated the plaintiff's constitutional rights under the Fifth Amendment, *id.* at 1160, and the district court's decision was affirmed by this court in *Lile v. McKune*, 224 F.3d 1175, 1192 (10th Cir. 2000).

On June 10, 2002, the Supreme Court issued its decision in *McKune v. Lile*, 536 U.S. 24, 29 (2002), in which the Court held that participation in the SATP did not violate the Constitution, reversing this court's prior decision. After the *McKune* decision, the district court entered an order giving the parties twenty days to show cause as to why their case should not be dismissed. Because the district court did not receive any response to the show cause order by any of the plaintiffs, including Mr. Elliott, the court dismissed the case based on the holding in *McKune*. Mr. Elliott, proceeding pro se, appeals the district court's decision.

Mr. Elliott has not presented any argument to distinguish himself from the plaintiff in *McKune*. In fact, before the Supreme Court's reversal, he argued to the district court that he was similarly situated to the plaintiff in *McKune*. We agree with the district court that the holding in *McKune* is dispositive in this case.

Mr. Elliott raises a number of other issues in this appeal that were not raised before the district court.  We decline to exercise our discretion to depart from our general rule that we will not consider an issue that was not raised in the district court.  *See Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992).  The judgment of the district court is AFFIRMED.

Entered for the Court


Monroe G. McKay
Circuit Judge